J-S59007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BARRY E. HANEY, SR., | : | |
| | : | |
| Appellant | : | No. 2148 EDA 2013 |

Appeal from the PCRA Order Entered July 12, 2013,
In the Court of Common Pleas of Wayne County,
Criminal Division, at No. CP-64-CR-0000152-2006.

BEFORE:  SHOGAN, J., LAZARUS, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 03, 2014**

Appellant, Barry E. Haney, Sr., appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2006, Appellant pled guilty to aggravated indecent assault.  On October 20, 2006, he was sentenced to imprisonment in a state correctional facility for not less than thirty months and not more than ten years. Appellant did not pursue a direct appeal.

On October 18, 2007, Appellant filed a PCRA petition asserting ineffective assistance of counsel.  The PCRA court dismissed the petition on December 15, 2009.  The Superior Court affirmed that decision on

_____

*Retired Senior Judge assigned to the Superior Court.

September 10, 2010, and the Supreme Court denied the petition for allowance of appeal on June 1, 2011. ***Commonwealth v. Haney***, 272 EDA 2010, 13 A.3d 979 (Pa. Super. filed September 10, 2010) (unpublished memorandum), *appeal denied*, 23 A.3d 540 (Pa. filed June 1, 2011).

Appellant filed the current PCRA petition, his second, on April 24, 2013. Motion for Post Conviction Collateral Relief, 4/24/13. The PCRA court dismissed Appellant's petition on July 12, 2013. Order, 7/12/13. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied.

Appellant presents the following issue for our review:

> I.   Was Appellant denied due process of law when the court below entered a decision that was not supported by the record or free of legal error?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1] A petition invoking one of these exceptions must be filed

---

[1] The exceptions to the timeliness requirement are:

> (i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

As noted, the trial court imposed the judgment of sentence on October 20, 2006. Appellant did not pursue a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days after the imposition of sentence, when the time allowed for filing a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903. Thus, for purposes of section 9545(b), Appellant's judgment of sentence became final on November 20, 2006.[2] **Commonwealth v. Zuniga**, 772 A.2d 1028, 1030 (Pa. Super. 2001). Appellant did not file the instant PCRA petition until April 30, 2012. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three

---

this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] We note that because November 19, 2006, fell on a Sunday, Appellant had until Monday, November 20, 2006, to file his notice of appeal. **See** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation.). **See also** **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004).

limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant maintains that he invoked the exceptions under 42 Pa.C.S. § 9545 (b)(1)(ii) and (iii). Appellant's Brief at 14. We first note that much of Appellant's brief is dedicated to his assertions of "actual innocence" and trial counsel's ineffectiveness. *Id.* at 14-34. Appellant also makes claims of PCRA counsel's ineffectiveness. *Id.* at 34-41. Appellant cites to the cases of ***Coleman v. Thompson***, 111 S.Ct. 2546 (1991), ***Martinez v. Ryan***, 132 S.Ct. 1309 (2012), and ***Trevino v. Thaler***, 133 S.Ct. 1911 (2013), in support of his claim that counsel's ineffectiveness can serve as an exception to the PCRA time bar. *Id.* at 41.

In ***Coleman***, the United States Supreme Court held that, for purposes of federal *habeas corpus* relief, an attorney's inadvertence in a postconviction proceeding does not qualify as "cause" to excuse a procedural default. ***Coleman***, 111 S.Ct. at 2566-2567. Subsequently, in ***Martinez***, the Supreme Court recognized, again for purposes of federal *habeas corpus* relief, a narrow exception to ***Coleman***: that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."

*Martinez*, 132 S. Ct. at 1315. However, "[w]hile *Martinez* represents a significant development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." *Commonwealth v. Saunders*, 60 A.3d 162, 165 (Pa. Super. 2013). Moreover, the *Martinez* court specifically cast its holding as "equitable" rather than "constitutional," stating, "[t]his is not the case … to resolve whether that exception exists as a constitutional matter." *Martinez*, 132 S. Ct. at 1315. Therefore, it is clear that *Martinez* does not provide a basis for Appellant to assert the section 9545(b)(1)(iii) exception to the PCRA's jurisdictional timeliness requirements.

Appellant also refers to the more recent decision of the United States Supreme Court in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). *Trevino* dealt solely with federal *habeas corpus* relief and whether a state prisoner's procedural default, *i.e.*, failure to raise a claim of ineffective assistance of counsel in a state court, could be excused. *Id.* at 1921. While *Trevino* represents a further development in federal *habeas corpus* law, as in *Saunders*, this change in federal law is irrelevant to the time restrictions of our PCRA. As such, it too did not announce a new relevant rule of constitutional law that has been made retroactive by either our Supreme

Court or the Supreme Court of the United States, as is required by section 9545(b)(1)(iii).

Appellant further maintains that he has "newly discovered evidence that establishes trial counsel's ineffectiveness during pretrial proceedings." Appellant's Brief at 41. Appellant asserts that he obtained "newly discovered evidence," "on or about March of 2013," that the victim made allegations of sexual assault against her biological father, John Kresge ("Kresge"), but after investigation by Children and Youth Services, the claims were determined to be unfounded. *Id.* at 42. Appellant claims that this newly discovered evidence predicated his filing of this second PCRA petition. *Id.*

In order to sustain an untimely PCRA petition under section 9545(b)(1)(ii), a petitioner must establish that:

> 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal citations and quotations omitted). The sixty-day time limit related to section 9545(b)(1)(ii) runs from the date the petitioner first learned of the alleged after-discovered facts. *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011). A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty

days thereafter. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (holding petitioner failed to demonstrate his PCRA petition was timely where he did not explain when he first learned of facts underlying his PCRA petition). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. **Commonwealth v. Fahy**, 959 A.2d 312, 315 (Pa. 2008).

We first note that Appellant alleges that he learned of this newly discovered evidence "on or about March 2013." Appellant's Brief at 42. Appellant further asserts that an affidavit prepared by Kresge reflecting this evidence was attached as "Appendix 20." **Id.**

A review of the reproduced record indeed reflects an affidavit by Kresge attached as Appendix 20. R.R., Appendix 20. The affidavit, however, was sworn to by Kresge and notarized on January 24, 2008. **Id.** Additionally, Appendix 21 consists of a letter from Wayne County Children and Youth Services, advising Kresge that the claims of "child physical abuse" regarding Kresge's daughter, the victim, were unfounded. **Id.**, Appendix 21. This letter was dated February 7, 2012. **Id.**

Thus, the evidence provided by Appellant does not support his claim that he learned of these allegations "on or about March 2013." Accordingly, Appellant has failed to plead and prove that Appellant became aware of this

newly discovered evidence within sixty days of the filing of the instant PCRA petition.

Moreover, Appellant pleads the exception claiming that the newly discovered evidence establishes "trial counsel's ineffectiveness during pretrial proceedings." Appellant's Brief at 41. Assuming *arguendo* that Appellant was able to prove that trial counsel was ineffective during pretrial proceedings, such determination alone would not likely result in a different verdict. ***Johnson***, 841 A.2d at 140-141.

Even if we interpret Appellant's claim to be that such newly discovered evidence could establish his innocence, Appellant has failed to plead and prove the impact this evidence would have in light of his guilty plea. As summarized by a prior panel of this court:

> Appellant also seems to claim his counsel was ineffective in advising him to plead guilty instead of defending the case on the grounds that there was no evidence of penetration as required by 18 Pa.C.S.A. § 3125(a). Once again, Appellant has not shown us that, before the plea, he was somehow unaware of the supposed lack of evidence against him and, only after his plea, did he realize his counsel had given deficient advice to plead guilty. To the contrary, during Appellant's plea hearing, the Commonwealth indicated the complainant disclosed that Appellant "fingered her vagina." N.T., 07/14/06, at 2. The Commonwealth also recounted that Appellant admitted to police that he penetrated the complainant's vagina. Accordingly, there was, in fact, evidence of penetration proffered during Appellant's plea. Having heard that evidence, Appellant indicated it was correct. He then indicated his satisfaction with counsel and entered a plea of guilty.

***Haney***, 272 EDA 2010 (unpublished memorandum at 5).

This Court has explained the following regarding a defendant's guilty plea and subsequent attempt to challenge it:

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict[s] the statements he made at his plea colloquy.
>
> * * *
>
> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (citations omitted). Thus, Appellant has failed to establish an exception pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).

In yet another attempt to invoke an exception to the time bar, Appellant makes claims of "actual innocence" and maintains that "[a]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar." Appellant's Brief at 48. In support of this assertion, Appellant cites to *Schlup v. Delo*, 115 S.Ct. 851 (1995), and *House v. Bell*, 126 S.Ct. 2064 (2006), as well as *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). *Id.* at 15-16, 48-50.

In ***Schlup***, the Supreme Court held that where a defendant shows that a federal constitutional violation "probably resulted" in a conviction of one who is actually innocent, he may avoid procedural bars to the consideration of the merits of his constitutional claims. ***Schlup***, 115 S.Ct. at 867. Unlike the United States Supreme Court's treatment of successive *habeas corpus* petitions, however, the Pennsylvania Supreme Court has expressly rejected the proposal to permit equitable exceptions to circumvent the jurisdictional nature of the PCRA statutory time bar. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161–1162 (Pa. 2003). Hence, Appellant's reliance upon ***Schlup*** is unavailing.

Similarly, Appellant's reliance on ***House*** is misdirected. ***House*** addressed the question of how a "gateway claim" of actual innocence may overcome state-court procedural defaults for purposes of a later federal *habeas corpus* claim. ***House***, 126 S.Ct. at 2068. ***House*** has no bearing on state court post-conviction proceedings such as the PCRA.

Additionally, in ***McQuiggin*** the Supreme Court of the United States held that a claim of actual innocence, if proved, can serve as a gateway through which a petitioner may pass the one-year time bar for filing an otherwise untimely first federal *habeas corpus* petition when the claim of actual innocence is supported by newly-discovered evidence. ***McQuiggin***, 133 S.Ct. at 1926. This ruling concerns federal *habeas corpus* petitions and

time limitations and is inapplicable to Appellant's instant state PCRA petition. Further, the Supreme Court of the United States did not expressly pronounce that *McQuiggin* applies retroactively, and it does not represent a watershed change in procedural law. Thus, *McQuiggin* is inapplicable to Appellant's case and provides no relief from the PCRA's time bar.

In sum, the PCRA court did not err in finding Appellant's petition was time-barred and that none of the exceptions to the one-year time limit applied. Consequently, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from untimely PCRA petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014

-12-