**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Manuel ZUNIGA, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 5, 2001.

Filed May 2, 2001.

Manuel Zuniga, appellant, pro se.

1.  35 P.S. § 780–113(a)(30).

2.  *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988); *Commonwealth v. Fin-*

John F. Nelson, Assistant District Attorney, Chambersburg, for Com., appellee.

Before CAVANAUGH, LALLY–GREEN, and TAMILIA, JJ.

LALLY–GREEN, J:

¶ 1 Appellant, Manuel Zuniga, appeals *pro se* the order entered May 22, 2000, disposing of his first petition brought pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant's petition was dismissed without hearing following proper notice under Pa. R.Crim.P. 1507 because the court found it to be untimely filed. We affirm.

¶ 2 The record reflects the following. On November 7, 1997, Appellant pleaded *nolo contendere* to one count of possession of a controlled substance with intent to deliver.[1] Docket Entry 6. In return for Appellant's plea, the Commonwealth dropped other charges. On November 12, 1997, Appellant was sentenced to 4 years and 10 months to 10 years' imprisonment. Docket Entry 7.

¶ 3 Appellant did not pursue a direct appeal. Appellant eventually filed his first petition under the PCRA on July 28, 1999. Docket Entry 19. Counsel was appointed, but was permitted to withdraw after filing a "no-merit" letter.[2] As stated, Appellant's petition was ultimately denied as untimely and counsel was permitted to withdraw. Docket Entry 30. Appellant filed this timely *pro se* appeal. Docket Entry 32.

¶ 4 Appellant presents the following issues for our review:

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DIS-

*ley*, 379 Pa.Super. 390, 550 A.2d 213 (1988) (*en banc*).

MISSING [APPELLANT'S] FORST[SIC] POST CONVICTION COLLATERAL RELIEF ACT PETITION AS UNTIMELY, AND DOES THE IMPOSITION OF A ONE–YEAR LIMITATIONS PERIOD TO BAR CONSIDERATION ON THE MERITS OF A FIRST POST CONVICTION COLLATERAL PETITION CONSTITUTE AN UNCONSTITUTIONAL SUSPENSION OF THE RIGHT TO HABEAS CORPUS RELIEF AND THE RIGHT TO DIRECT APPEAL?

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING [APPELLANT] THE RIGHT TO FILE A DIRECT APPEAL NUNC PRO TUNC.

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN NOT TREATING [APPELLANT'S] POST–CONVICTION COLLATERAL RELIEF ACT PETITION AS ONE OF NUNC PRO TUNC?

Appellant's Brief at 12.[3]

¶ 5 We will begin with a general discussion of the untimeliness of Appellant's petition. Thereafter, we will discuss the particular arguments presented on appeal.

¶ 6 Pursuant to 42 Pa.C.S.A. § 9545, any PCRA petition must be filed within one year of the date the judgment becomes final, excepting under three very limited circumstances:

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 7 Instantly, Appellant's judgment of sentence became final 30 days after the imposition of sentence on November 12, 1997, when the time allowed for filing a direct appeal expired. *See*, 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903. Thus, for the purposes of § 9545, Appellant's judgment of sentence became final on December 12, 1997. On its face, then, Appellant's petition would appear to be untimely, as the

---

**3.** Appellant concedes in the argument portion of his brief that the third issue is meritless.

Appellant's Brief at 24. Thus, we are concerned only with the first two issues raised.

petition was not filed until over 19 months later.[4]

¶ 8 Nevertheless, § 9545 also provides for three excepted circumstances wherein a petition will still be considered timely even though it is filed more than a year after the judgment of sentence became final. These exceptions include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. Our review of Appellant's post conviction petition and brief on appeal, however, reveals that he is not invoking any of these exceptions. Thus, Appellant's petition is untimely under any analysis.

■ ¶ 9 We now turn to Appellant's first argument on appeal. Essentially, Appellant contends that the time limitations of § 9545 unconstitutionally suspend the right of *habeas corpus* as to him, a first-time PCRA petitioner. Our Supreme Court ruled in *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998) that the PCRA did not improperly suspend the right to file for a writ of *habeas corpus vis a vis* the appellant there, a second-time petitioner. Appellant attempts to distinguish *Peterkin* because the *Peterkin* appellant had already been accorded a first PCRA review and, therefore, actually had received *habeas corpus* type review. Appellant contends that, since he is a first-time PCRA petitioner whose PCRA petition was found to be untimely, the right to petition for writ of *habeas corpus* has been suspended as to him.

¶ 10 The Supreme Court explained its ruling as follows:

Next, Peterkin claims that the PCRA improperly suspended his right to file

for a writ of habeas corpus. We note that this is Peterkin's second PCRA petition, not his first. Since Peterkin availed himself of a PCRA filing, which was tantamount to a habeas filing, he can hardly prevail on the assertion that habeas corpus was suspended as to him, for he had access to habeas corpus relief through his first PCRA petition. This claim, therefore, is without merit. . . .

He [Peterkin] also contends, however, that habeas corpus was improperly limited as to him. The limitation in this case was that Peterkin was required to file his first PCRA petition within one year of the effective date of the act, or, in the alternative, he was required to qualify for the act's exceptions to the one year filing period.

. . .

With the 1995 amendments to the PCRA, the General Assembly has established a scheme in which PCRA petitions are to be accorded finality. With certain exceptions, challenges to a conviction must be raised either within one year of final judgment or within one year of the effective date of the act. Because the one-year period within which petitions normally must be filed is sufficiently generous to prepare even the most difficult case, and because the exceptions to this filing period encompass government misconduct, after-discovered evidence, and constitutional changes, we have no difficulty in concluding that the PCRA's time limitation upon the filing of PCRA petitions does not unreasonably or unconstitutionally limit Peterkin's constitutional right to

---

**4.** Section 9545, which was rewritten in 1995, contains a proviso that grants a one-year grace period to petitioners whose judgments of sentence became final on or before the

effective date of the amendment, January 16, 1996. The grace period would not apply here as Appellant's judgment of sentence became final after January 16, 1996.

habeas corpus relief. At some point litigation must come to an end. The purpose of law is not to provide convicted criminals with the means to escape well-deserved sanctions, but to provide a reasonable opportunity for those who have been wrongly convicted to demonstrate the injustice of their conviction. The current PCRA places time limitations on such claims of error, and in so doing, strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

*Id.,* 722 A.2d at 641, 642–43 (footnote omitted).

¶ 11 The logic of *Peterkin* guides us with a first-time petitioner such as Appellant. When the amendments to the PCRA were enacted, as of January 16, 1996, Appellant was put on notice that he had one year to file the claim he only now brings. This one-year period, coupled with the excepted situations, is sufficiently generous to meet constitutional concerns regarding *habeas corpus. See, Peterkin, id.* Here, Appellant had the opportunity to exercise his right to petition for writ of *habeas corpus,* but simply failed to do so in a timely fashion. Since the time limitations of the PCRA do not cause any suspension of the right of *habeas corpus,* even for a first-time petitioner, Appellant has demonstrated no error.

■ ¶ 12 Appellant also argues that the trial court abused its discretion when it denied Appellant's right to file a direct appeal *nunc pro tunc.* Appellant contends that he filed a PCRA petition seeking restoration of his direct appeal rights. Our review of Appellant's untimely PCRA petition, however, reflects that no such request was made.

¶ 13 In support of his claim, Appellant cites *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). The Court ruled in *Lantzy* that claims of ineffectiveness for failure to file a direct appeal on request are cognizable under the PCRA. *Lantzy* does not apply because the *Lantzy* appellant filed a timely PCRA petition. Here, Appellant's PCRA petition was untimely.

¶ 14 Appellant's case is more synonymous with *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201 (2000) which addressed an untimely PCRA petition in the context of *Lantzy.* In *Murray,* appellant claimed counsel's ineffectiveness for failing to file a timely direct appeal. The Court held that the PCRA court has no jurisdiction to consider the merits of a PCRA petition when the PCRA petition is not timely filed. Specifically, the Court stated:

Appellant's claim of ineffective assistance of counsel for failing to file a timely direct appeal is similar to the ineffectiveness claim brought by the petitioner in *Commonwealth v. Lantzy,* [ ]. In *Lantzy,* this Court held that a claim brought in a PCRA petition alleging ineffective assistance of counsel for failing to file a requested direct appeal constitutes a cognizable claim for relief under the PCRA. *Id.* at [ ], 736 A.2d at 572. However, unlike *Lantzy,* Appellant filed his *pro se* PCRA petition outside of the one year filing period provided for in the PCRA's timeliness requirements. Thus, we emphasize that it is Appellant's failure to file his PCRA petition in a timely manner, and not the nature of his ineffectiveness claim which is fatal to the success of his appeal from the dismissal of his petition.

*Murray,* 753 A.2d at 203, n. 1.

¶ 15 Here, as in *Murray,* Appellant's

PCRA petition was not timely filed.[5] Thus, the court had no jurisdiction to consider the PCRA petition. Therefore, pursuant to *Murray*, the PCRA court properly dismissed the untimely PCRA petition, regardless of the claim of ineffectiveness, because the timeliness provisions divested the PCRA court of jurisdiction.

¶ 16 Accordingly, for the foregoing reasons, the PCRA court properly dismissed this petition and we affirm the order below.

¶ 17 Order affirmed.

¶ 18 CAVANAUGH, J.: concurs in the result.

---

5. We also observe that Appellant's untimely PCRA petition did not include a request to file a direct appeal *nunc pro tunc*. Rather, Appellant raised counsel's ineffectiveness for failing to object to sentence, to file post-sentence motions or to file a direct appeal.