J-S60006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TAMARR MINOR, | |
| Appellant | No. 2555 EDA 2015 |

Appeal from the PCRA Order August 12, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002675-2008

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 14, 2016**

Appellant, Tamarr Minor, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the history of this case as follows:

> On October 10, 2008, Appellant entered an open guilty plea to two counts of attempted homicide in connection with the April 23, 2008 shooting of Carmen Damiani, who was working in his capacity as a Pennsylvania State Constable, and Ted Hicks, who was working in his capacity as an apartment manager at the Parkview Court Apartments.  Specifically, at Appellant's guilty plea colloquy, the Commonwealth presented evidence that, on April 23, 2008, the two men attempted to evict Appellant from his apartment due to his failure to pay rent, and in response,

---

[*]  Retired Senior Judge assigned to the Superior Court.

- 1 -

Appellant shot the uniformed constable in the head and the apartment manager in the abdomen.

On December 23, 2008, Appellant proceeded to a sentencing hearing at which ADA Daniel McDevitt indicated Appellant's crimes were graded as felonies of the first degree with a maximum sentence of up to 20 years and up to $50,000 in fines for each count. ADA McDevitt then submitted the sentencing guidelines and victim impact statements, while Appellant's counsel submitted a doctor's report and Appellant's resume. The trial court indicated it was considering all of the documents submitted by ADA McDevitt and Appellant's counsel, as well as the Commonwealth's sentencing memorandum, Appellant's psychological and drug/alcohol evaluations performed on October 31, 2008 by Empowered Youth, a pre-sentence investigation report, the complaint, and the affidavit. Additionally, at the sentencing hearing, the trial court heard testimony from Appellant's mother, Appellant's sister, Appellant's aunt, Appellant's brother, Appellant's father, Constable Damiani's wife, Constable Damiani, Mr. Hicks, and Appellant. Ultimately, the trial court sentenced Appellant to eight years to sixteen years in prison, to be followed by four years of probation, for the first count of attempted homicide, and a consecutive five years to ten years in prison, to be followed by ten years of probation, for the second count of attempted homicide.

On Tuesday, January 6, 2009, Appellant filed an untimely, counseled post-sentence motion seeking the reconsideration of his sentence. On January 16, 2009, the matter proceeded to an evidentiary hearing, and by order filed on January 21, 2009, the trial court denied the post-sentence motion. In the order, the trial court acknowledged that Appellant's post-sentence motion was untimely filed.

Thereafter, Appellant did not file a notice of appeal to this Court; however, on November 22, 2010, Appellant filed a *pro se* document entitled "Application for Appeal Nunc Pro Tunc." In his document, Appellant alleged that he asked counsel to file a timely direct appeal following the imposition of his sentence; however, counsel failed to do so. Treating the document as a PCRA petition, the PCRA court appointed counsel and held an evidentiary hearing on July 26, 2011. By order entered on August 25, 2011, the PCRA court purported to grant Appellant's

> PCRA petition and reinstate his direct appeal rights *nunc pro tunc*. This counseled notice of appeal followed on September 22, 2011. On June 26, 2012, the PCRA court filed a Pa.R.A.P. 1925(a) opinion suggesting, *inter alia*, that it had erred in reinstating Appellant's direct appeal rights *nunc pro tunc* since Appellant failed to file a timely PCRA petition.

***Commonwealth v. Minor***, 2593 EDA 2011, 64 A.3d 25 (Pa. Super. filed December 18, 2012) (unpublished memorandum at 2-4) (internal citations and footnotes omitted).

On appeal, this Court concluded that the petition Appellant filed pursuant to the PCRA was untimely, and thus, the PCRA court was without jurisdiction to grant *nunc pro tunc* relief. ***Minor***, 2593 EDA 2011, 64 A.3d 25 (Pa. Super. 2012). As a result, we vacated the PCRA court's August 25, 2011 order and quashed the appeal. ***Id.*** Appellant filed a petition for allowance of appeal with our Supreme Court, which was denied on May 14, 2013. ***Commonwealth v. Minor***, 34 MAL 2013, 67 A.3d 795 (Pa. May 14, 2013).

On May 14, 2014, Appellant, *pro se*, filed a subsequent PCRA petition. Counsel was appointed but later petitioned to withdraw pursuant to ***Turner/Finley***.[1] By order entered March 13, 2015, counsel was permitted to withdraw, and the PCRA court issued its notice of intent to dismiss. By order entered August 12, 2015, the PCRA court dismissed Appellant's PCRA

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

petition. Appellant, *pro se,* timely appealed. Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for our review:

I.     Whether the Court committed an error of law when it dismissed Appellant's PCRA Petition?

II.     Whether PCRA Counsel was ineffective for failing to call Trial Counsel as a witness to question the erroneous advice he provided the Appellant in the context of plea bargaining in regards to the duration of the Appellant's sentence?

III.     Whether PCRA Counsel was ineffective for failing to amend PCRA petition to include victim statements, witness affidavits, and for failing to call said witnesses to court in the Appellant's defense?

IV.     Whether PCRA Counsel was ineffective for failing to raise ineffectiveness of Appeal Counsel for conflict of interest; ties to victims [sic] involved in case?

Appellant's Brief at 4.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***. (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time

requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

---

[2] The exceptions to the timeliness requirement are:

> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on December 23, 2008. Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final thirty days after the imposition of sentence, when the time allowed for filing a direct appeal expired. **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903 ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken."). Thus, for purposes of section 9545, Appellant's judgment of sentence became final on January 22, 2009. **See Commonwealth v. Zuniga**, 772 A.2d 1028, 1030 (Pa. Super. 2001) (the appellant's judgment of sentence became final thirty days after the imposition of sentence). Therefore, Appellant had to file the current PCRA petition by January 22, 2010, in order for it to be timely. Appellant did not

_(Footnote Continued)_ ───────────────

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

file the instant PCRA petition, his second, until May 14, 2014. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant does not address the timeliness of his PCRA petition in his brief, and accordingly, does not allege any exceptions to the time-bar. We note that in his PCRA petition, Appellant asserts that he has "newly discovered evidence," explaining that: "I also went to the law library & found out what my rights are & that they were violated & now I'm filing this P.C.R.A." Motion for Post Conviction Relief, 5/14/14, at 3. Generously construing this representation, we characterize Appellant's statement as an attempt to assert the newly-discovered-facts exception to the PCRA time-bar pursuant to section 9545(b)(1)(ii).

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commnowealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts."

*Id.*

Appellant has failed to explain why he could not have learned of these alleged new facts earlier with the exercise of due diligence. Additionally, none of the facts have changed; instead, Appellant's purported newly discovered information resulted simply from a newly discovered source, the law library. Moreover, Appellant has failed to establish that he raised this exception within sixty days of his purported discovery. 42 Pa.C.S. § 9545(b)(2). Accordingly, Appellant has failed to establish the application of the newly discovered facts exception to the PCRA time-bar in this case.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief.[3] *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007)

---

[3] The PCRA court did not address the timeliness of Appellant's petition, but instead addressed the merits of the claims raised therein.

- 8 -

("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2016