J-S15018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS TURNER | : | |
| | : | |
| Appellant | : | No. 1028 WDA 2018 |

Appeal from the PCRA Order Entered June 13, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009765-2015

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and COLINS*, J.

MEMORANDUM BY SHOGAN, J.:                                    **FILED JULY 22, 2019**

Appellant, Marcus Turner, appeals from the order denying his petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> On November 30, 2015, Appellant, Marcus Turner, pled
> guilty to one count each of Rape of a Child, Involuntary Deviate
> Sexual Intercourse ("IDSI") of a Child, Sexual Assault, and two
> counts of Indecent Assault with a Person Less than 13 Years of
> Age.[1] This [c]ourt sentenced Appellant to an aggregate sentence
> of three to ten years of incarceration, with three years of
> consecutive probation, and lifetime registration pursuant to
> SORNA.[2] Appellant did not file a Post-Sentence Motion or a direct
> appeal.

---

\* Retired Senior Judge assigned to the Superior Court.

On September 26, 2017, Appellant field a *pro se* Post Conviction Relief Act Petition.[1] Ultimately, this [c]ourt dismissed the PCRA on June 1[3], 2018. Appellant filed a Notice of Appeal on June 29, 2018 and a Concise Statement of Errors on July 19, 2018.

> [1] 18 Pa.C.S §§ 3121 (C), 3123 (B), 3124.1, and 3126 (A) (7), respectively.

> [2] Sex Offender Registration Notification Act, 42 Pa.C.S. § 9799.10-9799.41.

PCRA Court Opinion, 10/10/18, at 2-3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of

---

[1] Counsel was appointed by order of court entered September 28, 2017. Counsel filed an amended PCRA petition on December 7, 2017.

Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] Until recently, a petition invoking one of these exceptions must have been filed within sixty days of the date the claim could first have been presented.[3] 42 Pa.C.S. § 9545(b)(2).

_____

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter."). This change in the law is inapplicable to Appellant's instant petition because the petition was filed September 26, 2017, and amended on December 7, 2017.

- 3 -

Our review of the record reflects that Appellant was sentenced on November 30, 2015. Appellant did not file a direct appeal. Accordingly, Appellant's judgment of sentence became final on December 30, 2015, when the time allowed for filing a direct appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Zuniga*, 772 A.2d 1028, 1030 (Pa. Super. 2001). Therefore, Appellant had to file the current PCRA petition by December 30, 2016, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until September 26, 2017. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). It is the petitioner's burden to allege and prove that one of the exceptions exists. *Commonwealth v. Whitehawk*, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Appellant argues that his case falls within the newly recognized constitutional-right exception. Appellant's Brief at 12. Appellant asserts that he filed his PCRA petition within sixty days of the Pennsylvania Supreme Court's ruling in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), that *Muniz* "established a newly recognized constitutional right that applies

- 4 -

retroactively," and the PCRA court therefore had jurisdiction to consider his petition. *Id.* at 12-13.

Appellant's claim, however, fails to establish this exception to the PCRA time bar. Collateral relief premised on *Muniz* is only available via a timely PCRA petition. As this Court explained in *Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019), wherein the appellant attempted to invoke *Muniz* as an exception to the PCRA time bar:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii).... Here, we acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa* ), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [812 A.2d 497, 501 (Pa. 2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Greco*, 203 A.3d at 1124 (quoting *Commonwealth v. Murphy*, 180 A.3d 402, 405-406 (Pa. Super. 2019)).

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/2019