*This opinion is subject to revision before final publication in the Pacific Reporter*

**2023 UT 27**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TROY MICHAEL KELL,
*Appellant*,

*v.*

STATE OF UTAH,
*Appellee*.

No. 20180788
Heard March 11, 2020
Filed December 21, 2023

On Direct Appeal

Sixth District Court, Sanpete County
The Honorable Wallace A. Lee
No. 180600004

Attorneys:

Jonathan T. Nish, Salt Lake City, B. Kent Morgan, Woods Cross, Jon M. Sands, Lindsey Layer, Alexandra H. LeClair, Eric Zuckerman, Phoenix, AZ, for appellant

Sean D. Reyes, Att'y Gen., Andrew F. Peterson, Erin Riley, Tanner R. Hafen, Aaron Murphy, Asst. Solics. Gen., Salt Lake City, for appellee

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which ASSOCIATE CHIEF JUSTICE PEARCE, JUSTICE PETERSEN, JUSTICE HAGEN, and JUSTICE POHLMAN joined.[1]

---

[1] After hearing the arguments in this appeal, Justice Lee and Justice Himonas retired and did not participate in the consideration of the case. Justice Hagen and Justice Pohlman, having reviewed the briefs and listened to a recording of the oral arguments, substituted for Justice Lee and Justice Himonas and participated fully in this decision.

CHIEF JUSTICE DURRANT, opinion of the Court:

**Introduction**

¶1    Troy Kell, while serving a life sentence for murder, stabbed another inmate to death in 1994. Kell was convicted of aggravated murder, a capital offense, and sentenced to death. We affirmed his conviction and sentence in 2002.[2]

¶2    After his conviction was affirmed, Kell filed a petition for post-conviction relief. The district court dismissed his petition, and in 2008 we affirmed that dismissal.[3]

¶3    Kell later filed a motion under rule 60(b) of the Utah Rules of Civil Procedure to set aside the dismissal of his petition for post-conviction relief. The district court denied his motion, and in 2012 we affirmed that denial.[4]

¶4    Kell is now before this court for the fourth time. He appeals the district court's grant of summary judgment and dismissal of his second petition for post-conviction relief, in which he proffered evidence that was newly discovered in 2012. In that year, Kell's federal habeas corpus attorneys interviewed jurors from his trial and discovered troubling facts. Three jurors remembered communicating with the judge during sentencing deliberations without Kell or either party's counsel present, and one of those jurors remembered the judge telling the jurors that it was Kell's burden to convince the jury that his life should be spared. This evidence is the basis of Kell's petition now at issue.

¶5    But there is a glaring problem with Kell's petition. His attorneys discovered this new evidence in 2012, yet Kell did not file his petition in state court until 2018, over five years later. The Utah Legislature has limited the ability of individuals to seek post-conviction relief through the Post-Conviction Remedies Act (PCRA),[5] and we have adopted the PCRA's limitations as part of our court's rules of procedure under rule 65C of the Utah Rules of Civil Procedure. Under the PCRA and rule 65C, Kell's current petition is

---

[2] *See State v. Kell*, 2002 UT 106, ¶¶ 63–64, 61 P.3d 1019.

[3] *See Kell v. State*, 2008 UT 62, ¶ 53, 194 P.3d 913, *abrogated on other grounds by McCloud v. State*, 2021 UT 51, 496 P.3d 179.

[4] *See Kell v. State*, 2012 UT 25, ¶¶ 37–38, 285 P.3d 1133.

[5] UTAH CODE §§ 78B-9-101 to -503.

subject to dismissal based on time and procedural limitations. Applying these limitations, the district court dismissed Kell's petition.

¶6    Kell argues on appeal that the district court erred in granting the State's summary judgment motion and dismissing his petition because (1) the PCRA's limitations should not apply to preclude his claim, since his delay in filing his petition resulted from the ineffective assistance of initial post-conviction counsel; and (2) applying the PCRA's time and procedural bars to dismiss his petition violates his rights under the Suspension Clause,[6] Due Process Clause,[7] and Open Courts Clause[8] of the Utah Constitution.

¶7    The State counters that the district court correctly granted summary judgment and dismissed Kell's petition because Kell's arguments do not overcome his five-and-a-half-year delay in bringing this claim after discovering the alleged improper communication between the trial judge and jurors. We agree with the State and affirm.

## Background

¶8    In July 1994, Kell, an inmate serving a life sentence at Central Utah Correctional Facility, stabbed fellow inmate Lonnie Blackmon sixty-seven times in the eyes, face, neck, back, and chest until he bled to death.[9] Kell is a known white supremacist with a history of "race-related altercations," and Blackmon was African American.[10] Kell's murder of Blackmon was recorded on video.[11] Kell was convicted of aggravated murder by a unanimous jury and sentenced to death.[12] We affirmed Kell's conviction and sentence in 2002.[13]

¶9    Kell has sought relief from his sentence in state and federal courts for over two decades. In 2003, he filed his first petition for post-

---

[6] *See* UTAH CONST. art. I, § 5.

[7] *See id.* art. I, § 7.

[8] *See id.* art. I, § 11.

[9] *State v. Kell*, 2002 UT 106, ¶¶ 1, 2, 5–6, 61 P.3d 1019.

[10] *Id.* ¶ 2.

[11] *Id.* ¶ 29.

[12] *Id.* ¶¶ 1, 9.

[13] *Id.* ¶ 64. For details about Kell's trial for aggravated murder, see *id.* ¶¶ 7–9.

conviction relief in state court.[14] The district court dismissed his petition, and in 2008 we upheld that decision.[15] In 2009, "Kell, representing himself, filed a 60(b) motion, asking the district court to relieve him from its earlier dismissal of his petition for postconviction relief" on the ground that he had been denied the right to effective assistance of post-conviction counsel.[16] The district court denied Kell's rule 60(b) motion, and in 2012 this court affirmed the decision on the ground that Kell could not use a 60(b) motion as a work-around of the PCRA's limitations.[17]

¶10 Kell was appointed federal habeas counsel in 2007, and that counsel has represented him to this day. In 2009, Kell filed his initial habeas corpus petition in federal court. He then successfully sought a stay of federal proceedings while the rule 60(b) motion proceedings continued in state court.

¶11 In May 2012, Kell's federal habeas counsel spoke with jurors and obtained signed declarations as part of the investigation for his federal habeas corpus petition. Through this investigation, Kell's counsel discovered that three jurors remembered the judge entering the jury deliberations and speaking with the jury, and one of those jurors remembered the judge telling them that "Kell's attorneys had to show [the jury] that Kell's life should be spared."

¶12 This new evidence was first raised in court when, after his federal proceedings resumed, Kell filed an amended federal habeas petition on January 14, 2013. His amended petition included a new claim based on the juror declarations. Specifically, Kell alleged that "the judge in [his] criminal trial improperly instructed the jury during its deliberations without notice to either party" and that "this instruction unconstitutionally shifted the burden of determining a death sentence from the prosecution to the defense."

¶13 Kell and the State stipulated to a case management schedule in the federal proceedings. As part of that schedule, the parties

---

[14] *Kell v. State*, 2008 UT 62, ¶ 4, 194 P.3d 913, *abrogated on other grounds by McCloud v. State*, 2021 UT 51, 496 P.3d 179.

[15] *Id.* ¶ 53.

[16] *Kell v. State*, 2012 UT 25, ¶ 3, 285 P.3d 1133.

[17] *Id.* ¶ 37 ("We conclude that in this case, Mr. Kell's claims were barred by the PCRA and therefore could not be brought under rule 60(b).").

"agreed to address discovery and [hold] an evidentiary hearing prior to addressing other issues." The discovery and evidentiary hearing process continued through June 2017. In August 2017, after having resolved discovery and evidentiary issues, Kell sought a "*Rhines* stay" in his federal proceedings to exhaust in state court the new claim based on the juror declarations.[18] The district court granted the *Rhines* stay, finding that Kell had good cause for failing to exhaust his claim in state court, that his claim was potentially meritorious, and that he had not engaged in intentional delay.

¶14 On January 16, 2018, once the *Rhines* stay was in place and federal counsel had received permission to represent Kell at the state level, Kell filed a petition for post-conviction relief in state court. In the petition, Kell claimed, based on the evidence uncovered by his federal counsel in 2012, that his sentence should be overturned because the trial court committed prejudicial error when it gave an unconstitutional supplemental jury instruction outside the presence of Kell and his counsel.

¶15 The State moved for summary judgment on Kell's petition, asserting that it was subject to the PCRA's time and procedural bars. Under the PCRA's time bar, "[a] petitioner is entitled to relief only if the petition is filed within one year after the day on which the cause of action has accrued."[19] And claims based on new evidence accrue on "the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based."[20] Under the PCRA's procedural bar, "[a] petitioner is not eligible for relief . . . upon any ground that . . . was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for postconviction relief."[21]

¶16 The district court concluded that Kell's claim accrued either in 2012—when he had actual knowledge of the evidence on which his

---

[18] Under *Rhines v. Weber*, a federal district court may stay habeas proceedings when it "determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. 269, 277 (2005).

[19] UTAH CODE § 78B-9-107(1).

[20] *Id.* § 78B-9-107(2)(e).

[21] *Id.* § 78B-9-106(1)(d).

claim is based—or in 2002—when he reasonably could have acquired the evidence after his conviction was affirmed on direct appeal. So, the court concluded that, whether the claim accrued in 2002 or 2012, over a year had passed, which triggered the time bar. The district court also determined that the procedural bar applied because, as Kell conceded, Kell could have but did not bring this claim as part of his initial petition for post-conviction relief. Accordingly, the district court granted the State's motion for summary judgment and dismissed Kell's petition.

¶17 Kell appealed the district court's decision to this court. In his original briefing, he challenged the district court's grant of summary judgment and dismissal of his petition, arguing that (1) his delay in filing the petition should be excused because it resulted from the ineffective assistance of his initial post-conviction counsel and at the time he had a statutory right to effective assistance of post-conviction counsel, (2) his noncompliance with the PCRA should be excused under the "egregious injustice" exception to the PCRA referenced in *Gardner v. State*[22] and *Winward v. State*,[23] and (3) the PCRA's requirements should be bypassed under the "traditional common law authority over collateral proceedings."

¶18 While Kell's appeal was pending, we issued our opinion in *Patterson v. State*, which identified the source and scope of Utah courts' constitutional authority to issue writs of habeas corpus and clarified the interaction between that constitutional authority and the PCRA.[24] Relevant to Kell's appeal, we held in *Patterson* that "there is no egregious injustice exception to the time bars of the PCRA or rule 65C"[25] and that we can hear a case otherwise barred by the PCRA only "when failure to do so would violate a petitioner's constitutional rights."[26] Because of this clarification of the law, we requested supplemental briefing from both parties on whether affirming the district court's grant of summary judgment and dismissal of Kell's petition would violate his rights under the Utah Constitution. In his supplemental briefing, Kell argued that applying the PCRA's time

---

[22] 2010 UT 46, 234 P.3d 1115.

[23] 2012 UT 85, 293 P.3d 259.

[24] *See* 2021 UT 52, ¶¶ 76–194, 504 P.3d 92.

[25] *Id.* ¶ 71.

[26] *Id.* ¶ 194.

and procedural bars to his claim would violate his constitutional rights under the Suspension Clause, Due Process Clause, and Open Courts Clause of the Utah Constitution.

¶19 We have appellate jurisdiction under Utah Code section 78A-3-102(3)(i).

**Standard of Review**

¶20 Kell appeals the district court's grant of the State's motion for summary judgment and dismissal of his petition for post-conviction relief. "We review a district court's grant of summary judgment for correctness."[27] And we likewise "review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law."[28]

**Analysis**

¶21 Kell argues that the district court erred by applying the PCRA's time and procedural bars to dismiss his petition for post-conviction relief. Petitioners are entitled to relief under the PCRA only if they file a petition "within one year after the day on which the cause of action has accrued."[29] And claims based on new evidence accrue on "the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based."[30] We refer to this limitation as the time bar.

¶22 In addition, petitioners are not entitled to relief under the PCRA "upon any ground that . . . was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for postconviction relief."[31] We refer to this limitation as the procedural bar.

¶23 Although Kell does not dispute that his petition would ordinarily be subject to both the PCRA's time and procedural bars, he nevertheless argues that the district court erred in granting the State's motion for summary judgment and dismissing his petition for post-

---

[27] *Patterson v. State*, 2021 UT 52, ¶ 27, 504 P.3d 92.

[28] *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (cleaned up).

[29] UTAH CODE § 78B-9-107(1).

[30] *Id.* § 78B-9-107(2)(e).

[31] *Id.* § 78B-9-106(1)(d).

conviction relief. He argues the court erred because (1) the PCRA's time and procedural bars should not apply to his claim, because his initial post-conviction counsel was ineffective in failing to uncover and raise the evidence that provides the basis for his new claim; and (2) precluding his petition based on the PCRA's time and procedural bars would violate his rights under the Suspension Clause, Due Process Clause, and Open Courts Clause of the Utah Constitution.

¶24 Kell first argues that his petition should have survived despite the PCRA's time and procedural bars because he received ineffective assistance of post-conviction counsel at a time when this court recognized a right to effective assistance of post-conviction counsel under *Menzies v. Galetka*.[32] The State counters that (1) under *Menzies*, the proper procedure to obtain relief for ineffective assistance of post-conviction counsel is through a rule 60(b) motion; (2) this court already rejected Kell's rule 60(b) motion claiming relief under *Menzies*;[33] and (3) Kell "ignores that it was current counsel, not [initial post-conviction] counsel, who discovered, delayed, and defaulted the claim many years after [Kell's initial post-conviction] counsel's representation concluded."

¶25 We agree with the State that Kell has not shown that any shortcoming of his initial post-conviction counsel excuses the delay in bringing the petition at issue today. The evidence that is the root of this petition was discovered by federal habeas counsel—and shared with Kell—in 2012. Yet Kell did not file the petition until 2018. Kell cannot wait more than five years after receiving actual knowledge of the evidence supporting his petition to pursue relief and then ask this court to excuse the lapsing of the time bar based on the performance of counsel who ceased representing him years before the discovery of the relevant evidence.

¶26 Next, Kell argues that application of the PCRA's time and procedural bars to his case violates his rights under the Suspension Clause, Due Process Clause, and Open Courts Clause of the Utah Constitution. His arguments under all three clauses rely on similar premises. First, he contends that application of the time and procedural bars by the court in his case without any flexibility or discretion would "result in a suspension of the writ." Second, he argues that "strict application of time or procedural bars, in the

---

[32] 2006 UT 81, 150 P.3d 480.

[33] (Citing *Kell v. State*, 2012 UT 25, 285 P.3d 1133.)

absence of some safety valve, may lead to petitioners, like Mr. Kell, being unable to vindicate their substantive rights at all," violating his right to due process under the law. Finally, according to Kell, "to comply with the Open Courts Clause, any statute of limitations must include an 'escape valve.'"

¶27 So Kell essentially contends that applying a strict statute of limitations without any safety valve to habeas corpus petitions violates these three clauses. But his arguments fall short because he has not demonstrated why failure to apply a safety valve *in his case* violates the Utah Constitution. We acknowledged in *Patterson v. State* that there may be a case where strict application of the PCRA's time and procedural bars could violate a petitioner's constitutional rights.[34] This is not such a case. Kell has the burden to show "that failure to entertain his petition violates his constitutional rights."[35] Because he has not demonstrated that dismissing a petition for post-conviction relief filed five years after the discovery of the evidence on which the petition is based violates the Utah Constitution, he has not satisfied this burden.[36]

---

[34] 2021 UT 52, ¶ 212, 504 P.3d 92 ("[W]e leave open the possibility that another petitioner, on another set of facts, might be able to demonstrate that the application of the time bars in the PCRA and rule 65C run afoul of the Suspension Clause, or some other provision, of the Utah Constitution.").

[35] *See id.* ¶ 218.

[36] In his principal briefing on appeal, Kell raised two additional arguments. First, he argued the merits of his petition, asserting that his Fifth and Fourteenth Amendment rights were violated when the trial judge gave jurors a supplemental instruction during penalty phase deliberations. Second, relying principally on *Julian v. State*, 966 P.2d 249 (Utah 1998), he claimed that the 2008 amendments to the PCRA are unconstitutional because "the legislature has no authority to diminish or restrict" the court's writ power. The State objected to Kell's arguments, contending that the former is not properly before this court and that the latter was inadequately briefed.

We summarily reject both of Kell's arguments. As to the former, we agree with the State that because the district court granted summary judgment on purely procedural grounds and did not address the merits of Kell's petition, the merits of Kell's claim are not

(continued . . .)

### I. Kell's Initial Post-Conviction Counsel's Deficient Performance Cannot Excuse Kell's Delay in Filing This Petition

¶28 Kell argues that his delay in filing this petition should be excused because his initial post-conviction counsel was ineffective in failing to interview the jurors in his case, as his federal habeas counsel later did. He relies on our decision in *Menzies v. Galetka* to contend that "[a]t the time of his initial post-conviction proceedings, Mr. Kell had a statutory right to the effective assistance of his post-conviction counsel."[37] So, Kell continues, since he had a right to effective assistance of post-conviction counsel at the time his initial petition for post-conviction relief was filed, he must have a "mechanism to enforce that right."

¶29 The State counters that the performance of Kell's initial post-conviction counsel cannot excuse his delayed filing of the petition now before the court, because it was federal habeas counsel who, in 2012, discovered the evidence on which the underlying claim is based, and it was federal habeas counsel who waited over five years to seek relief for Kell in state court. Kell and the State also disagree on other points related to Kell's ineffective assistance claim: (1) whether the petition had to be filed before 2008, when the Utah Legislature amended the PCRA to eliminate any right to effective assistance of post-conviction counsel; (2) whether, to obtain relief under *Menzies*, a petitioner must show that post-conviction counsel "completely defaulted" the case; and (3) whether a claim based on ineffective assistance of post-conviction counsel is limited to being brought as a rule 60(b) motion or can be brought in a successive petition for post-conviction relief.[38] But we need not address these three issues, because

---

before us. And as to Kell's challenge to the 2008 amendments, even assuming the argument was adequately briefed, it fails because we recently analyzed and rejected a nearly identical argument in *Patterson*. *See* 2021 UT 52, ¶¶ 196–204 (rejecting Patterson's argument "that *Julian* dictates that any statute of limitations on our writ authority" is unconstitutional). Because Kell's challenge to the 2008 amendments does not meaningfully go beyond Patterson's, we decline to revisit the issue.

[37] (Citing *Menzies v. Galetka*, 2006 UT 81, ¶ 84, 150 P.3d 480.)

[38] The district court denied Kell's claim of ineffective assistance of post-conviction counsel on this basis, holding that "the proper

(continued . . .)

even if we agreed with Kell on each of them, we would still conclude that the district court correctly dismissed Kell's petition.

¶30 We agree with the State that any defects in Kell's initial post-conviction representation cannot compensate for his failure to bring his current claim within one year of discovering the facts supporting it. Kell alleges that his previous post-conviction counsel was ineffective—not his federal habeas counsel, who have represented him since 2007. And it is Kell's federal habeas counsel who, in 2012, interviewed jurors and discovered the evidence that is the crux of this petition. So even if we excused Kell's failure to bring this claim in his initial post-conviction petition on the ground of ineffective assistance of counsel, Kell has not given a convincing reason for waiting over a year—indeed, over five years—after the discovery of the alleged violation to bring his current claim.[39] In other words, even if the PCRA's procedural bar should not apply to Kell's petition, the petition would still be subject to the PCRA's time bar.

¶31 Kell has not tied the performance of his initial post-conviction counsel to the relief he now requests. So even if we were to determine that Kell's right to effective assistance of post-conviction counsel was violated and that he could bring his claim through a successive petition for post-conviction relief, that would still not excuse his five-year delay in pursuing relief.

## II. Kell Has Not Demonstrated that Application of the Time and Procedural Bars to This Petition Violates His Constitutional Rights

¶32 Under the current version of rule 65C, we can hear a case barred by the PCRA only "when failure to do so would violate a petitioner's constitutional rights."[40] Kell argues that application of the time and procedural bars to his petition violates his rights under the Suspension Clause, Due Process Clause, and Open Courts Clause of the Utah Constitution. But Kell's constitutional arguments suffer from the same infirmity as his ineffective assistance of post-conviction

---

procedure is to raise his argument in a rule 60(b) motion in his original case and not in a subsequent petition." We do not reach this question and instead reject Kell's argument on the alternative basis that he has not tied the alleged ineffective assistance of post-conviction counsel to his current delay in seeking relief.

[39] *See infra* ¶¶ 37–38.

[40] *Patterson v. State*, 2021 UT 52, ¶ 194, 504 P.3d 92.

counsel argument. In his briefing, Kell has not offered a compelling justification for his decision to wait five years after discovering the new evidence to file this petition. Kell's constitutional arguments all point to hypothetical ways in which strict application of the PCRA's statutes of limitations could potentially violate a petitioner's constitutional rights, but he has not met his burden of showing that his rights have been violated based on the facts of this case.

¶33 First, Kell contends that application of the PCRA's time and procedural bars to his petition violates the Suspension Clause, which states, "The privilege of the writ of habeas corpus shall not be suspended, unless, in case of rebellion or invasion, the public safety requires it."[41] We have intimated that "the Suspension Clause contemplates measures that 'stay,' 'cause to cease,' or 'interrupt' the ability of a prisoner to challenge her detention."[42] According to Kell, "if [he] has presented a meritorious claim of a constitutional violation on which he would otherwise obtain relief[,] but the Court is without the authority to consider the merits of that claim due to the time and procedural bars of rule 65C and the PCRA, then application of the bars works a suspension of the writ in this case."

¶34 Essentially, Kell argues that if the time and procedural bars of rule 65C and the PCRA prevent this court from exercising flexibility in hearing habeas claims, then they work a suspension of the writ of habeas corpus. This argument tracks Patterson's Suspension Clause argument in *Patterson v. State*. There, we noted decisions from the First,[43] Tenth,[44] and Eleventh Circuits,[45] as well as our sister states

---

[41] UTAH CONST. art. I, § 5.

[42] *See Patterson*, 2021 UT 52, ¶ 209.

[43] *See Delaney v. Matesanz*, 264 F.3d 7, 13 (1st Cir. 2001) ("[T]he one-year limitation period . . . as embellished by the tolling provision . . . does not suspend the writ because, when read in tandem, the[] provisions neither gut the writ of habeas corpus nor render it impuissant to test the legality of a prisoner's detention.").

[44] *See Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998) (rejecting petitioner's contention that, in his case, "the one-year limitation on filing a first habeas petition violated the Suspension Clause").

[45] *See Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000) ("[W]e readily conclude that, as a general matter, the . . .

(continued . . .)

Oregon,[46] Colorado,[47] and Pennsylvania,[48] in which the courts held that application of a statute of limitations to habeas claims did not amount to a suspension of the writ of habeas corpus.[49] Reasoning that this caselaw caused us to pause "before we would presume to declare that any statute of limitations violates the Suspension Clause,"[50] we held that Patterson "ha[d] not convinced us . . . that the application of the time bar to Patterson's petition violate[d] the Suspension Clause."[51]

¶35 Kell responds to the examples cited in *Patterson* by arguing that those courts were all considering statutes of limitations that included some type of "safety valve." But he overlooks that the holding in *Patterson*—that we may hear a claim even if it is barred under the PCRA "when failure to do so would violate a petitioner's constitutional rights"—is itself a safety valve.[52] Kell bases his Suspension Clause argument on the idea that this court has no ability

---

limitation period . . . is not an unconstitutional suspension of the writ of habeas corpus.").

[46] *See Bartz v. State*, 839 P.2d 217, 224 (Or. 1992), *superseded by statute as stated in Ingle v. Matteucci*, 537 P.3d 895 (Or. 2023) (concluding that "so long as" habeas corpus procedural limitations "are reasonable for persons who seek redress[,] . . . they do not offend the state constitutional ban on suspending habeas corpus").

[47] *See People v. Wiedemer*, 852 P.2d 424, 435 (Colo. 1993) (en banc) (holding that statute's time limitations did "not violate the constitutional prohibition against suspending the right to the writ of habeas corpus").

[48] *See Commonwealth v. Zuniga*, 772 A.2d 1028, 1032 (Pa. Super. Ct. 2001) (determining that "the time limitations of the PCRA d[id] not cause any suspension of the right of *habeas corpus*" because petitioner "had the opportunity to exercise his right to petition for writ of *habeas corpus*, but simply failed to do so in a timely fashion").

[49] *Patterson*, 2021 UT 52, ¶¶ 210–11.

[50] *Id.* ¶ 211.

[51] *Id.* ¶ 205.

[52] *Id.* ¶ 194 ("[W]e can only hear a time-barred case, like Patterson's, when failure to do so would violate a petitioner's constitutional rights.").

to consider otherwise time-barred meritorious habeas claims in exceptional cases, yet he does not acknowledge that the holding in *Patterson* provides that flexibility.

¶36 Kell's argument falls short because he does not show that application of the PCRA's time and procedural bars to his claim in this petition amounts to a suspension of the writ of habeas corpus. Kell argues that strict application of a statute of limitations to habeas claims violates the Suspension Clause when "some such fact is shown that it would be unconscionable not to re-examine the conviction"[53] or when application of a statute of limitations results in "fundamental unfairness."[54] But he has not demonstrated why it would be unconscionable or fundamentally unfair to bar a claim he could have brought—but chose not to—for five years.

¶37 And while Kell contends that "application of the time and procedural bars pursuant to rule 65C and the PCRA, without an escape valve, would violate [his] rights under the Suspension Clause," he has not shown that it is the absence of an "escape valve" that prevents consideration of his claim. Kell has offered various justifications for not filing this petition in state court until years after uncovering the evidence supporting his claim. First, he offers a practical justification, contending that the delay should be overlooked because his federal habeas attorneys were following a federal case management plan and waited to proceed in state court until they reached the appropriate time in the federal case to seek a stay and received the necessary funding. Second, he argues that his petition should be addressed on the merits despite his years-long filing delay because, even if he had "filed a petition including this claim in 2013, the court almost certainly would have found that it had already been defaulted."

¶38 Kell's justifications for delay do not suggest that a lack of flexibility in the PCRA's time and procedural bars prevented him from filing this petition at his first opportunity. Petitioners are, of course, not permitted to ignore a state statute of limitations simply because they are simultaneously proceeding on the claim in federal court. And the possibility that Kell's initial post-conviction counsel may have allowed the PCRA's bars to lapse did not give Kell license to knowingly allow them to lapse. At the latest, Kell's claim was

---

[53] (Quoting *Brown v. Turner*, 440 P.2d 968, 969 (Utah 1968).)

[54] (Quoting *Hurst v. Cook*, 777 P.2d 1029, 1034–35 (Utah 1989).)

available to him in 2012—when he obtained actual knowledge of the newly discovered evidence. By waiting five years, without demonstrating that the inflexibility of the PCRA somehow prevented him from filing earlier, the strength of Kell's arguments has only waned. Because Kell has not shown that the PCRA's time and procedural bars interrupted his ability to challenge his detention, we hold that their application does not violate the Suspension Clause.[55]

¶39 Kell's arguments under the Due Process Clause and the Open Courts Clause of the Utah Constitution suffer from the same shortcomings as those under the Suspension Clause. Kell argues that "strict application of time or procedural bars, in the absence of some safety valve, may lead to petitioners, like Mr. Kell, being unable to vindicate their substantive rights at all." And similarly, he contends that "[u]nder the Open Courts Clause, neither the legislature nor the courts may implement limitations on a petitioner's ability to obtain review of his claims that are so inflexible as to effectively close the courthouse doors to a petitioner." Again, Kell points to the potential constitutional problems with strict statutes of limitations for habeas claims generally, but he has not cleared the necessary hurdle of showing how application of the time and procedural bars to his claim violates these clauses when he chose to wait over five years to seek relief.

¶40 Kell has not shown that the time and procedural bars left him unable to vindicate his substantive rights. Nor has he shown that the PCRA's limitations were so inflexible as to effectively close the courthouse doors before he could get through them. Even if we were to take the view most charitable to Kell—by assuming that Kell's claim could not have been raised in his previous petition for post-conviction relief and that the claim accrued in 2012 rather than an earlier date— Kell still could not show that the application of the PCRA's time and procedural bars violates his constitutional rights.

¶41 The inflexibility of the PCRA's time and procedural bars could conceivably prove constitutionally infirm in a different case. But Kell has not met his burden of showing that the dismissal of a claim he sat on for five years violates the Suspension, Due Process, or Open Courts Clauses of the Utah Constitution.

**Conclusion**

---

[55] *See Patterson*, 2021 UT 52, ¶ 205.

¶42   Kell's arguments all suffer from the same infirmity — they do not excuse his five-year delay in filing this petition after discovering the proverbial smoking gun. Kell's ineffective assistance of initial post-conviction counsel claim does not account for his federal habeas counsel's five-year delay in filing this petition. And the district court's dismissal of Kell's claim does not mean that our court lacks all flexibility in forgiving petitioners' failure to meet the PCRA's time and procedural requirements if the limitations violate their constitutional rights. Rather, it merely reflects the fact that, in this case, no such violation has occurred. Because Kell has not demonstrated how the district court's dismissal of a claim he waited five years to bring violates his constitutional rights, we affirm.